**Rossman License**

*Robert K. Kistler,* for appellant.

*John L. Geiser,* for Commonwealth.

CAMPBELL, P. J., October 9, 1969.—Defendant's operating privileges were withdrawn by the Secretary of Revenue on July 9, 1969. Two reasons were assigned: section 604.1(a) of The Vehicle Code and section 1014-(c) of The Vehicle Code of April 29, 1959, P. L. 58.

Defendant was born August 17, 1951. She secured a junior operator's license on April 22, 1968, at the age of 16. Shortly after she turned 17 on October 7, 1968, she was involved in a motor vehicle accident in York County, Pa. Following the collision she was charged with a violation of section 1014(c) to which she pled not guilty. Shortly thereafter the charge was withdrawn and the case dismissed.

On May 26, 1969, she appeared at a departmental hearing with her attorney. No witnesses on behalf of the Commonwealth appeared.

Section 604.1(a) of The Vehicle Code provides in part as follows:

". . . In addition to the other provisions of this act relating to the suspension or revocation of operating privileges, in the event that a licensed junior operator is involved in an accident for which he is partially or fully responsible in the opinion of the secretary, pleads guilty or nolo contendere, or is convicted of any violation of 'The Vehicle Code,' or violates subsection (c) hereof, the secretary may, after a hearing, suspend the operating privileges of such junior operator until he has reached the age of eighteen (18) years, or for any

other period of time. A junior operator's license shall automatically become a regular operator's license when the licensee reaches the age of eighteen (18) years."

We interpret this language to mean that the secretary may after hearing, suspend the operating privileges of a junior operator in three events: (1) if the operator is involved in an accident for which he is partially or fully responsible in the opinion of the secretary, (2) pleads guilty or nolo contendere or is convicted of any violation of The Vehicle Code, or (3) violates subsection (c) hereof, operating during prohibited hours.

It is clear that the second and third reasons are totally inapplicable.

As to the responsibility for the accident, a suspension or revocation cannot be made unless the secretary is of the opinion that defendant was partially or fully responsible. The opinion should be based upon valid and credible information. No one appeared at the hearing other than defendant who gave testimony exculpating herself from any responsibility for the accident. Under these circumstances we deem the action of the secretary to be arbitrary, capricious and an abuse of discretion.

Defendant now contends that she is past 18 years of age and therefore the secretary has no right to suspend under section 604.1. We hold otherwise for the reason that any delay in processing a complaint against a junior operator would render the provisions of this section almost worthless. See Blair License, 44 D. & C. 2d 26 (1967).

And now, to wit, October 9, 1969, defendant's appeal is sustained and the suspension order of the secretary is reversed.